IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ERIE BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:16-cv-367-MHT-GMB |
| | ) | [WO] |
| SIBLEY REYNOLDS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is the *pro se* complaint of Plaintiff Erie Baker. Doc. 1. Baker originally filed her complaint in the United States District Court for the District of Columbia before the case was transferred to this court on May 23, 2016. Doc. 3. Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. Doc. 5.

Because Baker has moved for leave to proceed *in forma pauperis* (Doc. 2), the court must screen her complaint pursuant to the provisions of 28 U.S.C. § 1915(e)(2). This statute instructs the court to dismiss any action in which it is determined that an *in forma pauperis* applicant's lawsuit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)−(iii). Finding Baker to be indigent, the court **RECOMMENDS** that her motion to proceed *in forma pauperis* (Doc. 2) be **GRANTED**. However, after a careful review of Baker's complaint and the relevant law, and giving due

consideration to her *pro se* status, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED prior to service of process pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii).

## I.  BACKGROUND

Baker, a resident of Washington, District of Columbia, originally filed this action on April 28, 2016. Doc. 1.  Her complaint is an amalgam of various documents spanning 33 pages in total, making it difficult, if not impossible, for the court to decipher the exact nature of Baker's allegations. *See generally* Doc. 1.  Nevertheless, she begins her complaint by alleging that she was raped twice at the Elmore County Jail in Elmore County, Alabama, where she was incarcerated after a 2001 conviction for possession of a forged instrument. *See* Doc. 1 at 1 & 22.  She indicates that only one of the sexual assaults was "reported," but does not clarify whether she is referring to her own report to authorities or to jail officials' opening of a formal investigation. *See* Doc. 1 at 33 ("One was reported the other not.").  Regarding the first incident, Baker claims that a male jailor sexually assaulted her in a cell. Doc. 1 at 2.  A female corrections officer is alleged to have been in Baker's cell block at the time but later "quit [and] said she will not be a part of that." Doc. 1 at 2.  Baker states that the Sheriff of Elmore County, Bill Franklin, took her statement regarding this incident, but that "nothing was don[e]." Doc. 1 at 1–2.

The second sexual assault took place in an elevator while Baker was being transported to court for a guilty plea and sentencing. Doc. 1 at 2.  A "tall older officer" forced her to "put [her] mouth on him," and then locked her in a cell with another man. Doc. 1 at 2.  The officer then "came running back 15 seconds later [and] said[,] 'I did not

2

[know] someone was there.'" Doc. 1 at 2.  Baker's narrative then transitions into an allegation that court officials conspired against her and her husband to take his property, culminating in an additional conviction for robbery on March 2, 2002. *See* Doc. 1 at 2 & 27.  She claims to have served eight years in the Elmore County Jail beginning on December 13, 2001. Doc. 1 at 1, 2 & 26.  She does not provide an approximate date for the first sexual assault, but states that the second incident occurred on December 13, 2001. *See* Doc. 1 at 25.

Included in the packet of documents are various notices and correspondence (many of which appear to be duplicates), including letters from the Supreme Court of Alabama and Alabama Board of Pardons and Paroles denying Baker's requests for relief. *See* Doc. 1 at 3–9 & 13–17.  Baker also attached documents with information about her arrest and conviction. *See* Doc. 1 at 11–12, 19–23, 28 & 31.  The remaining documents are of unknown origin.  The complaint names Bill Franklin, Elmore County Judge Sibley Reynolds,[1] and the State of Alabama as defendants. Doc. 1 at 1.  Baker seeks $2.3 million in damages. Doc. 1 at 1.

## II.  STANDARD OF REVIEW

The same standards governing a dismissal under Federal Rule of Civil Procedure 12(b)(6) also govern the review of a complaint under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. *See Douglas v. Yates*, 535 F.3d 1316, 1320 (11th

---

[1] Franklin and Reynolds' names are misspelled on the first page of the complaint, but the correct spelling is revealed in the documents that follow.  Thus, it is ORDERED that the Clerk of Court change the docket to reflect the correct names of Defendants Bill Franklin and Sibley Reynolds, as reflected in the case style used for this Report and Recommendation.

Cir. 2008). Under this standard, the court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is "plausible on its face" if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations need not be detailed, but "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 678.

In addition to the pleading requirements of *Twombly* and *Iqbal*, a plaintiff's *pro se* status must also be considered when evaluating the sufficiency of a complaint. "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, such leniency cannot serve as a substitute for establishing a cause of action. *See Odion v. Google Inc.*, 628 F. App'x 635, 637 (11th Cir. 2015) (recognizing that although courts must show leniency to *pro se* litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action" (internal quotation marks

4

omitted)). "While the pleadings of *pro se* litigants are liberally construed, they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (citations and internal quotation marks omitted).

### III.  DISCUSSION

The court construes Baker's suit as a 42 U.S.C. § 1983 action to the extent she has alleged violations of her federal statutory or constitutional rights. *See, e.g.*, *Micklas v. Doe*, 450 F. App'x 856, 857 (11th Cir. 2012) ("42 U.S.C. § 1983 . . . provides a remedy for deprivation of federal statutory and constitutional rights by a person acting under color of state law."). To state a claim under 42 USC § 1983, a plaintiff must demonstrate (1) the deprivation of a federal constitutional or statutory right, and (2) that the deprivation was committed by a person acting under color of law.

Additionally, § 1983 claims are subject to the statute of limitations governing personal injury claims in the state in which the case was brought. *Powell v. Thomas*, 643 F.3d 1300, 1303 (11th Cir. 2011). In Alabama, the statute of limitations for § 1983 actions is two years. *Id.* Although the statute of limitations is determined by state law, the date on which a § 1983 claim accrues is a matter of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Thus, Baker's § 1983 claim accrued when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

Even the most liberal reading of Baker's submission leads to the inexorable conclusion that her claims are time-barred. Baker primarily complains of two sexual

5

assaults, the last of which occurred in December of 2001. She also appears to claim that, while she was incarcerated in 2002, she was falsely convicted for robbery as part of a conspiracy by the authorities in Elmore County to take property from her and her husband. *See, e.g.*, Doc. 1 at 2 & 25. Thus, Baker does allege violations of her rights under the Fourth and Fourteenth Amendments to the United States Constitution. Yet none of the underlying conduct took place after 2002. Because Baker's complaint was filed in 2016, it falls well outside of the two-year limitations period. Therefore, Baker's claims are barred by the statute of limitations for § 1983 claims, and they are due for dismissal on this basis alone.[2]

In recommending dismissal, the court must acknowledge that "Section 1915(e)(2)(B)(ii) does not allow the district court to dismiss an *in forma pauperis* complaint without allowing leave to amend when required by [Rule 15 of the Federal Rules of Civil Procedure]." *Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002). However, "a district court need not allow amendment when it would be futile." *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1254 (11th Cir. 2017). An amendment is futile when the "complaint as amended would still be properly dismissed." *Id.* (citation and internal quotation marks omitted). Moreover, expiration of the applicable statute of limitations renders an amendment futile. *See Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993) (holding that an amendment to the complaint would have been futile since the relevant statute of limitations had expired). Accordingly, because any amendment to Baker's complaint

---

[2] It is worth noting that, even if not time-barred, Baker's claims likely would be foreclosed by a number of other procedural and substantive hurdles, including various forms of governmental immunity and for failure to state a plausible claim for relief.

6

would be futile, the court recommends that her case be dismissed without allowing her an opportunity to amend her complaint.

## IV. CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(ii). It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation **not later than October 27, 2017**. Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this report and recommendation is not a final order of the court and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the report and recommendation and shall bar the party from attacking on appeal factual findings in the report and recommendation accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 13th day of October, 2017.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE